# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANDER STAGMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 6043 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| TIMOTHY EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions to dismiss [17], [28] and [40], plaintiff's motions to deny defendants' motions [66] and [79], plaintiff's motion to "absorb" a state court case [70], and plaintiff's motion to assume jurisdiction [75]. For the reasons set forth below, defendants' motions are granted and plaintiff's motions are denied. The case is dismissed.

## BACKGROUND

In June 2016, plaintiff filed a seven-count complaint that, as far as the Court can tell, alleges tortious interference, fraud, abuse of power, trespass, and breach of fiduciary duty, as well as due process and First Amendment violations against Timothy Evans, Lisa Madigan, Beverly Bank, and Michael Noonon[1] (among others) and seeks $22,250,000 in damages. (Compl. at 2-8.) As defendants' motions clarify, the claims in plaintiff's complaint stem from a mortgage foreclosure action in the Circuit Court of Cook County. (Beverly Bank's Mem. at 1; State's Mem. at 1; Noonan's Mem. at 1.)[2] The mortgage foreclosure case dealt with two notes totaling $151,997.34, which were secured by a July 30, 2010 mortgage on the property at 10221

---

[1] Defendants assert that plaintiff intended to sue James V. Noonan and that Michael Noonon is not a party to this case and has been improperly named. (Noonan's Mem. at 1 n.1.)

[2] The foreclosure case is *Beverly Bank & Trust Co., N.A. v. Wayne Hummer Trust Co., et al.,* Case No. 2013 CH 07339.

S. Western Avenue in Chicago. (Beverly Bank's Mem. at 2.) Plaintiff defaulted, and Beverly Bank filed the foreclosure case presided over by Judge Walker. (*Id.*; State's Mem. at 4.) Plaintiff participated in the action and was represented by counsel for a period of time. (Beverly Bank's Mem. at 2.) In July 2015, the court entered an order approving the report of sale and distribution, confirming the sale, and ordering possession. (*Id.*) Plaintiff has not appealed any of those orders or any of the other orders related to the foreclosure action. (*Id.*)

## STANDARDS

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 604 (7th Cir. 2008) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

**Beverly Bank's Motion**

The Beverly Bank defendants argue that the Court lacks jurisdiction over plaintiff's complaint pursuant to the *Rooker-Feldman* doctrine because the complaint seeks to undo the state court's order on the foreclosure case. (Beverly Bank's Mem. at 4.) The defendants further argue that diversity jurisdiction does not exist because all of the parties are Illinois residents. (*Id*. at 6-7.) Defendants next contend that even if jurisdiction exists, plaintiff has failed to allege causes of action and the necessary factual allegations to establish elements of causes of action. (*Id*. at 7.) In his response[3] plaintiff asserts that Beverly Bank (and its successor Wintrust Bank) "manufactured non-existent facts, hid records, and colluded with officials," thereby causing "grave financial, emotional, physical and professional injury[.]" (Pl.'s First Mot. to Deny at 1.) Specifically, plaintiff asserts that Beverly Bank filed a false motion for a temporary restraining order against him in Circuit Court, which the presiding Judge denied. (*Id*.) Plaintiff contends that the Bank used this false order to file an incident report and a criminal trespass case against

---

[3] Plaintiff has filed several responses to defendants' motions to dismiss. Two have been entered as motions to deny defendants' motions [66] and [79]. The Court construes them, along with [74], as responses to defendants' motions.

3

him. (*Id*. at 1-2.) Plaintiff argues that such actions serve as reasons to deny defendants' motions to dismiss. (*Id*. at 2.) In a subsequent motion, plaintiff asserts that the Beverly Bank defendants have filed fraudulent documents and committed perjury in a misdemeanor case against him in Cook County. (Pl.'s Second Mot. to Deny at 1.)

In their reply, the Beverly Bank defendants assert that plaintiff has not filed anything that rebuts their arguments and urge the Court to dismiss the complaint pursuant to the *Rooker-Feldman* doctrine and because none of plaintiff's constitutional rights have been violated. (Beverly Bank's Reply at 3-7.) In his sur-reply, plaintiff argues that *Rooker-Feldman* does not apply and that defendants "distort the facts" when they contend that plaintiff has not responded to their arguments. (Pl.'s Sur-Reply at 1.) Plaintiff doubles down on his assertions that the Beverly Bank defendants have engaged in consumer fraud and conspiracy to defraud and have violated plaintiff's civil and due process rights. (*Id*. at 2.)

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Cir. Court. Prob. Div.,* 837 F.3d 736, 741 (7th Cir. 2016). To determine whether *Rooker-Feldman* applies, the Court must decide "whether the federal claims either directly challenge a state court judgment or are inextricably intertwined with one." *Jakupovic v. Curran,* No. 16-3374, 2017 WL 945095, at *2 (7th Cir. Mar. 10, 2017). The "determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes,* 837 F.3d at 742. Plaintiff's complaint is replete with allegations that would require this Court to review the state court's decision to allow the bank to foreclose on his property. In Counts I-VII plaintiff asserts

4

that he was denied access to his "real estate, personal property, [and] cash," that defendants "took possession of his personal property," "converted . . . [his] assets [and] . . . property," caused him to "forfeit his right to due process," "took unauthorized control of his property," and commenced "wrongful civil proceedings" against him. (Compl. at 2-7.) Moreover, in his prayer for relief plaintiff asks that defendants be ordered to "turn over all property of plaintiff" and in his sur-reply asserts that the "Beverly Bank defendants[']" actions "make[] every . . . claim interrelated and intertwine [sic] with the foreclosure . . . , the origin of this conflict." (*Id.* at 8; Pl.'s Sur-Reply at 2.) The Court finds that plaintiff's claims "invite this Court to invalidate, or negate, the state court judgment and are therefore barred by *Rooker-Feldman*." *Frances v. Fed. Nat'l Mortg. Ass'n*, No. 14 C 00288, 2014 WL 2109892, at *1 (N.D. Ill May 20, 2014) (dismissing a case that alleged fraudulent foreclosure and deceptive business practices); *see Gonzalez v. Bank of Am., N.A.,* No. 13 CV 3463, 2014 WL 26283, at *4 (N.D. Ill. Jan. 2, 2014) (dismissing claims on *Rooker-Feldman* grounds and reasoning that "the alleged injury resulted from the foreclosure judgment[]").

Even if the Court had jurisdiction, plaintiff's complaint would be dismissed for failure to state a claim. Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation [of the complaint] must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren,* 658 F.3d 792, 792 (7th Cir. 2011). Though relatively concise (each count contains a single run-on sentence), plaintiff's complaint lumps together all defendants, provides few coherent factual allegations, and sprinkles in legal jargon parading as claims. Indeed, without

5

defendants' interpretation of the complaint, the Court would not have understood plaintiff's allegations. Plaintiff's complaint fails to state cognizable claims on which to grant relief, so the Court dismisses it. *See Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 946 (7th Cir. 2013) ("If neither the adverse party nor the court can make out the essence of the claims 'dismissal of a complaint on the ground that it is unintelligible is unexceptionable.'") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003)).

Finally, plaintiff's allegations related to the misdemeanor case pending against him in Cook County do not save him from his jurisdictional or pleading failures. *See SKS & Assocs. Inc. v. Dart,* 619 F.3d 674, 678 (7th Cir. 2010) ("The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere or interrupt ongoing state proceedings."). Accordingly, the Beverly Bank defendants' motion to dismiss is granted.

**State's Motion**

The state defendants also assert that plaintiff's claims are barred by *Rooker-Feldman*. (State's Mem. at 5.) They further contend that the claims against Judge Walker are barred by absolute immunity and that there is no personal involvement by defendants Madigan and Evans. (*Id*. at 6-8.) Finally, the defendants contend that plaintiff fails to explain how the allegations in his complaint support a violation of his rights and that he has failed to state a claim. (*Id*. at 8-9.) Plaintiff responds by arguing that Judge Walker disregarded facts and "only listened to the distortions and outright falsification spewed" by the Bank's attorneys. (Pl.'s Resp. to State Def.'s Mot. at 1.) Plaintiff further alleges that Judge Walker was biased against him and that he disregarded the consumer fraud and civil rights violations the Bank allegedly committed against plaintiff. (*Id*. at 2.) Plaintiff also contends that as Chief, Judge Evans is responsible for the

actions of "his judges" and that Attorney General Lisa Madigan is the "guardian" of public officials. (*Id.*) In their reply, the state defendants contend that plaintiff has failed to address any of their arguments and that the Court should dismiss plaintiff's complaint. (State's Reply at 1-2.) The Court agrees with defendants.

In addition to lack of jurisdiction and failure to state a claim, the Court also finds that plaintiff's claims against the state defendants must be dismissed because of judicial immunity and failure to allege personal involvement. "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions[]," *Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004), and "applies even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray,* 386 U.S. 547, 554 (1967). "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.,* 327 F.3d 588, 594 (7th Cir. 2003)). "Moreover, under § 1983, a plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates." *Doyle v. Camelot Care Ctrs.,* 305 F.3d 603, 614 (7th Cir. 2002). Plaintiff seems to allege due process violations against Judge Walker and Judge Evans based on their roles as judicial officers. Such claims fall directly within the confines of judicial immunity and therefore fail. *See Rechanik v. Garman,* Case No. 14 C 1453, 2014 WL 2978552, at *2 (N.D. Ill. July 2, 2014). Further, plaintiff alleges no personal involvement of Judge Evans or Attorney General Lisa Madigan, and they cannot be held vicariously liable for the constitutional deprivations plaintiff alleges against Judge Walker. *See Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015) (affirming the dismissal of a § 1983 claim and stating "[plaintiff] did not raise any claim against the [defendant] in his individual capacity. Even if he had, it

7

would have gone nowhere, because individual-capacity claims cannot rest on a respondeat superior theory."). Accordingly, the state defendants' motion to dismiss is granted.

**Noonan's Motion**

The Court understands defendant Noonan to have been an attorney for Beverly Bank or its representatives at some point, though Noonan does not so explicitly indicate.[4] Noonan also argues that plaintiff's suit is barred by the *Rooker-Feldman* doctrine. (Noonan's Mem. at 2-6.) Additionally, he asserts that plaintiff's complaint should be dismissed under the doctrine of collateral estoppel and for failing to state a claim. (*Id*. at 6-10.) In his reply, Noonan asserts that plaintiff has not addressed his arguments directly, but rather filed motions and responses that are filled with conjecture and lack any factual support. (Noonan's Reply at 2.) He further contends that plaintiff's conspiracy theories are insufficient to meet Rule 8(a)'s pleading standards and his complaint should therefore be dismissed. (*Id*.) For the reasons discussed above, the Court grants Noonan's motion pursuant to *Rooker-Feldman* and for failure to state a claim.

**Plaintiff's Motions Related to Cook County Cases**

Plaintiff seeks to "absorb" Circuit Court cases 2016 CH 15481 and 2013 CH 07339 into the present case because the issues in those cases are the same as the issues presented here. (Pl.'s Mot. to Absorb at 2.) In a subsequent filing, plaintiff reiterates his request for this Court to "assume jurisdiction" of 2016 CH 15481. (Pl.'s Mot. to Assume Jurisdiction at 2.) In response, the Beverly Bank defendants argue that plaintiff has not cited any authority for the Court to assume jurisdiction and that even if the Court considers plaintiff's motions a notice of removal, there is no jurisdiction as required by 28 U.S.C. § 1441. (Beverly Bank's Resp. at 2.)

---

[4] The only clear reference to Mr. Noonan's role in any of the filings related to the motions before the Court is in plaintiff's reply [76]. Therein plaintiff asserts "Michael Noonan, the attorney for Beverly Bank was present and party to the agreement." (Pl.'s Reply at 1.)

Defendants contend that 16 CH 15481 is a defamation case and that neither original nor diversity jurisdiction exists. (*Id*. at 3.)

The Court construes both of these motions as notices of removal. "A case filed in state court may be removed to federal court if it is one over which the federal district courts have original jurisdiction." *Fournier v. Lufthansa German Airlines,* 191 F. Supp. 2d 996, 1000 (N.D. Ill. 2002) (citing 28 U.S.C. § 1441(a)). "Federal district courts have original subject matter jurisdiction [when] . . . complete diversity of citizenship exists between the parties . . . [or when] . . . the case arises under the Constitution, laws, or treaties of the United States." *Chirico v. Ceramic Tile Layers Union, Local 67,* 13 F. Supp. 2d 798, 799 (N.D. Ill. 1998) (citing 28 U.S.C. §§ 1331 and 1332). "The party seeking removal has the burden of establishing federal jurisdiction." *Bac Home Loans Serv., LP v. Tratar,* 16-cv-3493, 2016 WL 7324588, at *1 (N.D. Ill. Dec. 16, 2016) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009)).

Case 2016 CH 15481 consists of a one-count defamation per se claim. Defamation is governed by state law; such a claim cannot be removed to federal court on the basis of federal question jurisdiction. *See Eyiowuawi v. Chi. MediCar Co.,* No. 05 C 5210, 2007 WL 715762, at *1 (N.D. Ill. Jan. 18, 2007). Defendants also assert (and plaintiff does not dispute) that all parties to the case are Illinois residents and the amount in controversy does not exceed $75,000. The Court agrees and finds that it does not have diversity jurisdiction. *See Vasquez v. CSX Transp., Inc.,* No. 08 C 5996, 2009 WL 1953052, at *3 (N.D. Ill. July 1, 2009) (granting a motion to remand when removing party did not meet its burden to show that the diversity of citizenship and amount in controversy requirements of § 1332 were both met). Accordingly, the Court denies plaintiff's motion to remove Case 2016 CH 15481.

Case 2013 CH 07339 is a mortgage foreclosure and breach of contract lawsuit in which an order approving report of sale and distribution, confirming sale, and order of possession was entered. Even if this final judgment had not been entered in that case, it would not be removable under §§ 1331 or 1332. Mortgage foreclosure and breach of contract are state-law claims; federal question jurisdiction does not exist. *See U.S. Bank Nat'l Ass'n v. Moragne-Diffay,* No. 09 C 4074, 2009 WL 2030908, at *1 (N.D. Ill. July 9, 2009). Plaintiff does not allege that diversity jurisdiction exists, and even if it did, removal of a 2013 case in December 2016 would be two years too late. *See J.H. v. Pfizer Inc.,* No. 16 C 302, 2016 WL 1247480, at *2 (N.D. Ill. Mar. 30, 2016) ("Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed . . . on the basis of [§ 1332 jurisdiction] . . . more than one year after commencement of the action[.]"). Accordingly, plaintiff's motion to remove case 2013 CH 07339 is denied.

## CONCLUSION

For the reasons set for above, defendants' motions to dismiss [17], [28] and [40] are granted and plaintiff's motions [66], [70], [75], and [79] are denied. This case is dismissed.

**SO ORDERED.**  ENTERED:  **March 24, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**